Case No.: 15-16909

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, DOE IX, LIU Guifu, WANG Weiyu, individually and on behalf of proposed class members,

Plaintiffs-Appellants,

vs.

CISCO SYSTEMS, INC., John CHAMBERS, Fredy CHEUNG, and Does 1-100,

Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of California, Case No. 5:11-cv-02449-EJD, Honorable Edward J. Davila, United States District Judge

## PLAINTIFFS-APPELLANTS' OPPOSED MOTION FOR SUPPLEMENTAL BRIEFING ON REMAND FROM THE SUPREME COURT

Paul Hoffman, Bar No. 71244
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
(310) 717-7373
hoffpaul@aol.com

Catherine Sweetser, Bar No. 271142
UCLA Law Clinics
385 Charles E. Young Dr.
Los Angeles, CA 90095
(310) 825-9562
sweetser@law.ucla.edu

Terri Marsh, Bar No. 447125
Human Rights Law Foundation
1333 New Hampshire Ave. NW, Suite 200
Washington, DC 20036
(202) 774-0893
Terri.marsh.hrlf@gmail.com

*Attorneys for Plaintiffs-Appellants*

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Plaintiffs-Appellants ("Appellants") respectfully move the Court to order supplemental briefing on remand from the Supreme Court.  On June 23, 2026, the United States Supreme Court reversed the judgment of this Court and remanded for further proceedings.  *Cisco Systems, Inc. v. Doe I*, 146 S. Ct. 1882, 1893 (2026).  While the Supreme Court held that courts cannot create new causes of action to provide a remedy for the torts alleged by Appellants under the Alien Tort Statute ("ATS"), the Court's opinion does not address whether the ATS required the district court to adjudicate Appellants' transitory tort claims under traditional choice-of-law analysis.

As explained below, supplemental briefing on this question would aid this Court.  For this reason, Appellants respectfully request that the Court order simultaneous supplemental briefs not to exceed 4,000 words per side, due twenty-one days after this Court's order granting this motion.  Counsel for Defendants-Appellees' have stated that they oppose this motion.

# ARGUMENT

The Supreme Court reversed this Court's decision finding that federal courts can create causes of action under the ATS for aiding and abetting certain violations of customary international law.  *Cisco*, 146 S. Ct. at 1892.  While the Supreme

Court reiterated the "ATS is a jurisdictional statute," *id.*, it did not address whether the ATS confers jurisdiction over the transitory tort claims asserted in Appellants' complaint. Supplemental briefing will aid the Court in resolving this question. *See, e.g.*, *Natural Resources Defense Council, Inc. v. Cnty. of Los Angeles*, 725 F.3d 1194, 1196 (9th Cir. 2013) (noting the panel ordered the submission of supplemental briefs after the Supreme Court reversed and remanded a prior opinion in the case).

The ATS confers subject matter jurisdiction on the district courts over "any civil action by an alien for a tort only, committed in violation of the law of nations." 28 U.S.C. § 1350. For the last four decades, courts have weighed whether the ATS permits courts to create causes of action for violations of modern customary international law norms concerning human rights. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724–25 (2004). In *Sosa*, the Supreme Court held that in certain circumstances courts can create such causes of action where they rest on specific and universal norms. *Id.* at 725. In *Cisco*, the Supreme Court sharply limited that approach, reasoning that the "door that *Sosa* cracked to judicially created ATS liability" is now closed. 146 S. Ct. at 1892. But the Supreme Court did "not disturb *Sosa*'s holding that the ATS is a jurisdictional statute." *Id.* Thus, *Cisco* resolves whether courts can create causes of action under the modern law of nations, but it does not define the scope of jurisdiction under the

ATS. This constitutes a change in law that should be addressed in supplemental briefing: to what extent can claims based on violations of the laws of nations that are brought as transitory torts be subject to protective jurisdiction? In such cases, courts will not be creating causes of action but hearing common law claims.

As this Court previously held, Appellants have adequately alleged that Cisco engaged in multiple violations of the law of nations. *Doe I v. Cisco Systems, Inc.*, 73 F.4th 700, 716, 728, 735 (9th Cir. 2023), *rev'd*, 146 S. Ct. 1882 (2026). Appellants submit that they have alleged, or can amend their complaint to more specifically allege, torts "committed in violation of the law of nations," falling squarely within the jurisdictional grant of the ATS. Thus, the district court should be instructed to permit Appellants to proceed with their tort claims on remand.

Although the district court declined supplemental jurisdiction over the common, the question is whether the district court has the discretion to do so now if the ATS grants original jurisdiction over those claims. 28 U.S.C. §1350. In this case, the district court dismissed the common law claims asserted by Plaintiffs, declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). *See Doe I v. Cisco Systems, Inc.*, 66 F. Supp. 3d 1239, 1248 (N.D. Cal. 2014), *aff'd in part, rev'd in part*, 73 F.4th 700 (9th Cir.), *rev'd*, 146 S. Ct. 1882. Unlike Section 1367, however, jurisdiction under the ATS is mandatory. *Compare* 28 U.S.C. § 1367(c) (permitting district courts to decline jurisdiction in certain circumstances),

*with id.* § 1350 (conferring original jurisdiction without any such discretion). Where a statute confers jurisdiction over a matter, federal courts have a "virtually unflagging obligation" to exercise that jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Interpreting the ATS to confer federal jurisdiction over transitory tort claims by aliens that also constitute violations of the law of nations is consistent with the history of the ATS. At a minimum, the First Congress intended to allow foreign nationals access to the newly created federal courts to avoid the possibility of prejudice against foreigners in state courts. The First Congress enacted the ATS as a part of a broader effort to ensure matters related to foreign affairs could be adjudicated in a federal forum. *See, e.g.*, Anthony J. Bellia Jr & Bradford R. Clark, *The Alien Tort Statute and the Law of Nations*, 78 U. Chi. L. Rev. 445, 456 (2011) (explaining that the states could be "unwilling or unable to redress offenses against other nations" and that the First Congress acted to resolve that issue); Stephen P. Mulligan, Cong. Rsch. Serv., R44947, The Alien Tort Statute: A Primer 4 (2022) (demonstrating that the "Framers and the First Congress" took many steps to ensure matters implicating "foreign relations concerns" could be heard in a federal forum); *see also Tel-Oren v. Libyan Arab Repub.*, 726 F.2d 774, 813–15 (D.C. Cir. 1984) (Bork, J., concurring) (detailing federal jurisdictional grants at the Founding related to foreign affairs). The Framers sought to empower federal courts on these

matters to prevent the possibility of local prejudice and to reduce the possibility of inconsistent judgments. *See, e.g.*, William R. Casto, *The Federal Courts' Protective Jurisdiction over Torts Committed in Violation of the Law of Nations*, 18 Conn. L. Rev. 467, 513–22 (1986).

The authority to confer jurisdiction over torts in violation of the laws of nations was justifiable as a form of protective jurisdiction given the federal government's plenary power over foreign affairs. *Id.* at 512. This position was first articulated by Professor William Casto after an exhaustive review of Founding-era sources. *See id.* Professor Casto reasoned that the ATS "clearly does not create a statutory cause of action," and "is purely jurisdictional." *Id.* at 479. But he argued that federal courts would have jurisdiction under the ATS to "try assaults, batteries, and trespasses" and other "common-law torts" that were also contrary to a treaty or the law of nations. *Id.* at 507. To the extent there were any doubts as to the Article III basis for ATS jurisdiction, Professor Casto argued that such jurisdiction fit comfortably within the concept of protective jurisdiction. *Id.* at 12. Under that concept, "where Congress has articulated an active federal policy regulating a field, 'the "arising under" clause of article III apparently permits the conferring of jurisdiction on the national courts of all cases in the area — including those substantively governed by state law." *Id.* (quoting Paul J. Mishkin, *The Federal "Question" in the District Courts*, 53 Colum. L. Rev. 157, 192 (1953)).

This interpretation is also consistent with the longstanding transitory tort doctrine. By 1789, it was understood that nonresidents could sue for torts committed outside the forum. *See, e.g.*, *Mostyn v. Fabrigas*, 98 Eng. Rep. 1021, 1030 (K.B. 1774) (Lord Mansfield, C.J.) ("[A]ll actions of a transitory nature that arise abroad may be laid as happening in an English county."). The Founders were familiar with the adjudication of transitory causes and the choice-of-law questions that arose in those actions. *See, e.g.*, Casto, *supra*, at 487. Over the past two centuries, the Supreme Court has repeatedly affirmed the transitory tort doctrine. *See, e.g.*, *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 119 (2013) (explaining that the transitory tort doctrine permits adjudication of causes of action outside the forum state); *Dennick v. Railroad Co.*, 103 U.S. 11, 18 (1881) ("Wherever, by either the common law or the statute law of a State, a right of action has become fixed and legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties.").

It is appropriate for this Court to decide this issue at this juncture. Appellants' prior arguments during this appeal were based on then-binding decisions of this Court and the Supreme Court concerning the interpretation of the ATS. The Supreme Court's recent decision fundamentally upset those precedents. *See Cisco*, 146 S. Ct. at 1892 (describing holding as "clos[ing] the door that *Sosa*"

had left open).  Given the intervening change in the law, this Court should address this question now.  *See, e.g.*, *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (holding appeals court can consider new issue where there has been a change in law); *United States v. Thomas*, 726 F.3d 1086, 1092 n.5 (9th Cir. 2013) (same).

To the extent Appellants would need to amend their complaint to more specifically allege common law torts that were also committed in violation of the law of nations, the Supreme Court's intervening decision likewise provides good cause to permit Appellants to do so on remand.  *See, e.g.*, *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 530 (9th Cir. 1987) (holding parties should be given chance to amend pleadings to account for intervening caselaw) *Las Vegas Sun, Inc. v. Adelson*, 2026 WL 984239, at *2–*5 (D. Nev. Apr. 10, 2026) (granting leave to amend complaint after expiration of deadline to amend pleadings where intervening appellate decision changed the legal landscape); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (reasoning good cause to amend may exist where "the underlying law has changed").

## CONCLUSION

For the foregoing reasons, the Court should grant Appellants' motion and direct the parties to file simultaneous supplemental briefs addressing the impact of

the Supreme Court's decision of no more than 4,000 words within twenty-one days following the Court's order.

Dated: July 28, 2026        Respectfully submitted,

/s/ Paul Hoffman
Paul Hoffman, Bar No. 71244
Schonbrun Seplow Harris
  Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
(310) 717-7373
hoffpaul@aol.com

Terri Marsh, Bar No. 447125
Human Rights Law Foundation
1333 New Hampshire Ave. NW,
Suite 200
Washington, DC 20036
(202) 774-0893
Terri.marsh.hrlf@gmail.com

Catherine Sweetser, Bar No. 271142
UCLA Law Clinics
385 Charles E. Young Dr.
Los Angeles, CA 90095
(310) 825-9562
sweetser@law.ucla.edu

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains **1927** words. I also certify that the foregoing Motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in 14-point Times New Roman typeface, a proportionally-spaced typeface.

Dated: July 28 2026

Respectfully submitted,

/s/ Paul Hoffman
Paul Hoffman

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 28, 2026, I electronically filed the foregoing document with Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: July 28, 2026                                    Respectfully submitted,

                                                        /s/ Paul Hoffman
                                                        Paul Hoffman