Case No.: 15-16909

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DOE I, DOE II, Ivy HE, DOE III, DOE IV, DOE V, DOE VI, ROE VII, Charles LEE, ROE VIII, DOE IX, LIU Guifu, WANG Weiyu, individually and on behalf of proposed class members,

Plaintiffs-Appellants,

vs.

CISCO SYSTEMS, INC., John CHAMBERS, Fredy CHEUNG, and Does 1-100,

Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of California, Case No. 5:11-cv-02449-EJD, Honorable Edward J. Davila, United States District Judge

## PLAINTIFFS-APPELLANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUPPLEMENTAL BRIEFING ON REMAND FROM THE SUPREME COURT

Paul Hoffman, Bar No. 71244
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
(310) 717-7373
hoffpaul@aol.com

Catherine Sweetser, Bar No. 271142
UCLA Law Clinics
385 Charles E. Young Dr.
Los Angeles, CA 90095
(310) 825-9562
sweetser@law.ucla.edu

Terri Marsh, Bar No. 447125
Human Rights Law Foundation
1333 New Hampshire Ave. NW, Suite 200
Washington, DC 20036
(202) 774-0893
Terri.marsh.hrlf@gmail.com

*Attorneys for Plaintiffs-Appellants*

Nothing in Defendants-Appellees' ("Appellees") opposition to Plaintiffs-Appellants' ("Appellants") motion undermines the case for supplemental briefing. On the contrary, Appellees' opposition confirms that the scope of jurisdiction under the Alien Tort Statute ("ATS") is an open question that supplemental briefing will help resolve. Appellees' argument on forfeiture ignores the history of this litigation and the intervening change in law that permits resolution of this question now.

*First*, the argument that Appellants' interpretation of the ATS exceeds Article III misconstrues precedent and underscores why fuller briefing on this question is warranted. Appellees suggest that the Supreme Court has rejected a theory of protective jurisdiction, citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983). Opp'n at 3–4. In that case, however, the Supreme Court expressly declined to "consider [the] alternative argument" on protective jurisdiction. *Verlinden*, 461 U.S. at 491 n.17.

Moreover, *Verlinden* also supports the constitutionality of the ATS. There, the Supreme Court held that Congress did not exceed Article III by conferring jurisdiction over civil actions against foreign states where state law provided the rule of decision. *Id.* at 491–92. Because the statute there required district courts to decide whether the terms of the statute were met at the threshold of every action, the Court reasoned actions under the statute "arise under" federal law for purposes of Article III. *Id.* So too with the ATS: under Appellants' theory, district courts are

required to determine at the threshold whether a plaintiff asserts a tort claim that is also "committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.

In any event, the dispute between the parties on this question only underscores that the scope of jurisdiction under the ATS is an open question after the Supreme Court's decision. This Court would benefit from fuller briefing before resolving that question.

*Second*, Appellees erroneously argue that interpreting the ATS to confer jurisdiction over state-law claims that also constitute violations of the law of nations would conflict with the mandate and decision of the Supreme Court. Opp'n at 3–4. Appellees' cited comments on potential foreign policy implications, Opp'n at 4, were asserted as reasons to prohibit courts from creating new causes of action under international law, *see Cisco Systems, Inc. v. Doe I*, 146 S. Ct. 1882, 1888 (2026). Under Appellees' theory, the causes of action exist under state law and need not be created. Nor does the Supreme Court's decretal language prevent this Court from adjudicating an argument the Supreme Court did not address, as doing so is not inconsistent with the opinion. *Id.* at 1893.

*Third*, this Court can consider this argument now. Appellees argue that Appellants forfeited this argument by failing to challenge the dismissal of their state-law claims in their opening brief to this Court. Opp'n at 1. But Appellees

concede that Appellants challenged the dismissal of their federal claims. Opp'n at 2. Courts regularly find that when an appeals court reverses the dismissal of federal claims, any state-law claims that were dismissed under Section 1367(c)(3) are automatically reinstated on remand even where the party did not challenge the dismissal of those claims on appeal. *See Aviall Servs., Inc. v. Cooper Indus., LLC*, 572 F. Supp. 2d 676, 702 (N.D. Tex. 2008) ("Because dismissal of the state-law claims was inextricably intertwined with the dismissal of the federal-law claims, it followed that if the rationale for dismissing the federal-law claims fell away, the predicate for dismissing the state-law claims did as well."); *see also, e.g.*, *DeForte v. Borough of Worthington*, 2020 WL 2487133, at *6–8 (W.D. Penn. May 14, 2020). Appellants thus had no reason to address their state-law claims until the Supreme Court reversed this Court's decision reinstating their federal claims.

In addition, the Supreme Court reversed decades of ATS precedent, causing a change in law sufficient to justify considering Appellants' argument now. Appellees seemingly concede that changes in law permit courts to consider new arguments but suggest those changes may only do so where the subsequent decisions endorse an argument that was previously unavailable. Opp'n at 2–3. Tellingly, Appellants cite no support for that proposition, and it conflicts with precedent. This Court, for example, entertained a new argument on appeal based on the Supreme Court's application of the trespass theory to the Fourth

Amendment in *United States v. Jones*, 565 U.S. 400 (2012). *See United States v. Thomas*, 726 F.3d 1086, 1092 & n.5 (9th Cir. 2013). In *Jones*, however, the Court was clear that it had never repudiated its prior cases relying on the trespass theory. 565 U.S. at 406–07. It did not matter that the argument was previously available to the defendant; it was the Court's clarification in *Jones* that permitted consideration of a new argument. *See Thomas*, 726 F.3d at 1092 & n.5; *see also Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 419–21 (D.C. Cir. 1992) (considering defendant's argument based on intervening Supreme Court decision for first time on appeal where earlier appellate decision already expressed skepticism of plaintiff's position).

The case for entertaining a new argument is strong here. Throughout this litigation, Appellants relied on Supreme Court precedent interpreting the ATS to permit federal courts to create causes of action for violations of the modern international law of human rights. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724–25 (2004). Appellants are unaware of any court during this time that alternatively held that the ATS confers jurisdiction over state-law claims that also constitute violations of international law. The Supreme Court's reversal of its precedent fundamentally upset Appellants' reliance and provides good reason to permit Appellants to pursue an alternative theory that, unlike the theory in *Thomas*, has not already been endorsed by the Supreme Court.

Plaintiffs-Appellants' motion should be granted.

Dated: August 10, 2026

Respectfully submitted,

/s/ Paul Hoffman
Paul Hoffman, Bar No. 71244
Schonbrun Seplow Harris
 Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
(310) 717-7373
hoffpaul@aol.com

Terri Marsh, Bar No. 447125
Human Rights Law Foundation
1333 New Hampshire Ave. NW, Suite
200
Washington, DC 20036
(202) 774-0893
Terri.marsh.hrlf@gmail.com

Catherine Sweetser, Bar No. 271142
UCLA Law Clinics
385 Charles E. Young Dr.
Los Angeles, CA 90095
(310) 825-9562
sweetser@law.ucla.edu

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27 because it contains **967** words.  I also certify that the foregoing Motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in 14-point Times New Roman typeface, a proportionally-spaced typeface.

Dated: August 10, 2026                                      Respectfully submitted,

                                                            /s/ Paul Hoffman
                                                            Paul Hoffman

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 10, 2026, I electronically filed the foregoing document with Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: August 10, 2026          Respectfully submitted,

/s/ Paul Hoffman

Paul Hoffman
